IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY OSBORNE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　No. CV 09-0198 MV/LAM

PRISON INDUSTRIES,
WILLIE MARQUEZ, DIRECTOR OF P.I.,
STEVE MARTINEZ, REGIONAL DIRECTOR
PRISON INDUSTRIES,
JOE R. WILLIAMS, SECRETARY OF CORRECTIONS,
WARDEN HEREDIA MIKE, SNMCF/POU, ET AL.
STEVE RICHARDS,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint *(Doc. 1)*. Plaintiff is incarcerated, appearing *pro se*, and proceeding *in forma pauperis*. For the reasons set forth below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2)(B)(i)-(ii) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff injured himself in the prison workshop.  *See Doc. 1* at 2.  Plaintiff contends that the injury was caused by unsafe working conditions.  *Id.* at 3-4.  The named Defendants are Prison Industries and its local director (Defendant Richards), regional manager (Defendant Martinez), and state director (Defendant Marquez); the prison warden; and the New Mexico Secretary of Corrections.  Plaintiff further alleges that Defendants have shown, and continue to show, deliberate indifference to the unsafe conditions, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments.  *Id.* at 4.  The complaint seeks damages and injunctive relief.  *Id.* at 5.

No relief is available on Plaintiff's claims against Defendant Prison Industries.  According to the New Mexico Corrections Department's website, the correct identity of Prison Industries is "The Corrections Industries Division (CID), an agency within the New Mexico Corrections Department, . . . established by an act of the New Mexico Legislature in 1978."  *See* [http://corrections.state.nm.us/industries/intro.html](http://corrections.state.nm.us/industries/intro.html).  Claims against this state agency are equivalent to a suit against the State itself, and thus allegations against this Defendant fail to state a claim against a "person" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police et al.*, 491 U.S. 58, 71 (1989).  "[Plaintiff] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity -- '[t]he stopper [is] that § 1983 creates no remedy against a State.'"  *Prokop v. State of Colorado*, No. 01-1415, 30 Fed. Appx. 820, 821, 2002 WL 188962 (10th Cir. Feb. 7, 2002) (citations omitted); *see also, McLaughlin v. Bd. of Trustees of State Colleges of Colo.*, 215 F.3d 1168, 1172

(10th Cir. 2000). The Court will dismiss Plaintiff's claims against Defendant Prison Industries.

Furthermore, Plaintiff's allegations do not support a claim against Defendant Williams, the New Mexico Secretary of Corrections. Plaintiff makes no factual allegation that Secretary Williams has any direct responsibility for operation of prison workshops. The complaint therefore fails to affirmatively link him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendant Williams.

Notice and waiver of service forms, with copies of the complaint, shall be issued for Defendants Heredia and Richards. Plaintiff has provided no addresses for serving Defendants Marquez and Martinez. **If Plaintiff fails to provide addresses for serving these Defendants, the Court may dismiss claims against them without further notice.**

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants Prison Industries and Williams are **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that notice and waiver of service forms, with copies of the complaint, shall be issued for Defendants Heredia and Richards;

**IT IS FURTHER ORDERED** that, **within thirty (30) days from entry of this Order**, Plaintiff must file a response providing current addresses for serving Defendants Marquez and Martinez or face dismissal of these Defendants without further notice.

4

**IT IS SO ORDERED.**

_____
**HONORABLE MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**