IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY OSBORNE,

        Plaintiff,

v.                                               CV 09-0198 MV/GBW

WILLIE MARQUEZ, STEVE MARTINEZ,
MIKE HEREDIA, and STEVE RICHARDS,

        Defendants.

## ORDER TO FILE A *MARTINEZ* REPORT

Jerry Osborne, a prisoner who is proceeding *pro se*, has filed a complaint alleging that on January 15, 2009, he was assigned to the Custom Project Department of Corrections Industries Division (CID), where he suffered harm to his "left #1 index finger and the left index #2" finger. *Doc. 1 at 2*. According to Osborne, Defendants Marquez, Martinez, Heredia, and Richards[1] showed deliberate indifference to unsafe working conditions at CID by not rectifying the negligent conditions that caused Osborne's injuries. *See id. at 3*. Osborne asserts this is a violation of his Fourteenth Amendment Constitutional Due Process right to be free from cruel and unusual punishment. *Id*. Defendants have filed an

---

[1] Osborne's complaint originally also named "Prison Industries," which Defense Counsel has requested be referred to as "Corrections Industries Division" as that is its proper reference (*Doc. 15 at 1*), and Joe Williams. However, those Defendants were dismissed *sua sponte* by Judge Vasquez on May 15, 2009. *See Doc. 5*.

answer denying the complaint's allegations and raising several affirmative defenses, including failure to state a claim pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), qualified immunity and failure to exhaust administrative remedies. *See. Doc. 15*.

In a suit brought by a *pro se* prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report, known as a "*Martinez* report," of the investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *See Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte*. *See id.* at 1109-13; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Defendants must submit a *Martinez* report addressing the allegations in Osborne's Complaint, as well as any defenses raised in their answer that they wish to pursue. Defendants must abide by the following instructions in preparing the report.

1) The report must include a written brief that discusses the claims raised. Factual

assertions in the brief must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).

2) The report must state whether records pertaining to the allegations exist.

3) The report must state whether prison policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the report. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

The *Martinez* report must be filed and served on Osborne no later than **Thursday, August 27, 2009**. Osborne must file his response or objections to the report no later than **Monday, September 28, 2009**. Defendants must file their reply, if any, no later than **Monday, October 12, 2009**.

**The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.**

3

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

4